*United States v. Page*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand nineteen.

PRESENT:    ROBERT D. SACK,
            PETER W. HALL,
                    *Circuit Judges*,
            JED S. RAKOFF,
                    *District Judge.**

---

United States of America,

   *Appellee*,

   v.           No. 17-3541

Brian Page,

   *Defendant–Appellant.*

---

*Hon. Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellant:     JOHN A. CIRANDO, D.J. & J.A. Cirando, Syracuse, NY

For Appellee:     JOCELYN C. KAOUTZANIS, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney *on the brief*), *for* John H. Durham,

United States Attorney for the District of Connecticut, New Haven, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant–Appellant Brian Page pleaded guilty in the District Court to conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846.

After pleading guilty, Page entered treatment and achieved his longest periods of sobriety. He completed inpatient and intensive outpatient treatment, continued outpatient and methadone maintenance treatment, lived in a sober house, became a member of Support Court, and maintained a job. During this time, however, he also made missteps which included relapses. Shortly before sentencing, Page stopped working at his job and was arrested for trying to buy movie tickets with counterfeit money.

Prior to Page's sentencing for the oxycodone distribution conspiracy, the government moved pursuant to U.S.S.G. § 5K1.1 for a downward departure based on Page's substantial assistance in the government's investigation of the conspiracy. The Presentence Report concluded that Page's applicable sentencing range under the Sentencing Guidelines was 168 to 210 months considering Page's criminal history, his acceptance of responsibility, and his role in the offense.

At sentencing, the District Court departed downward to a Guidelines range of 108 to 135 months to honor Page's plea agreement. Based on the § 5K1.1 motion, the court further departed downward and sentenced Page to 97 months' imprisonment. Page sought additional downward

2

departures based on his extraordinary rehabilitation and the principle of incremental punishment which the court declined. This appeal follows.

First, Page argues that the District Court set the threshold for "extraordinary" rehabilitation higher than is required by law. "Although a refusal to downwardly depart is generally not appealable, review is available when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005).

It is well established that "a defendant's rehabilitative efforts can, in an appropriate case, warrant a downward departure." *United States v. Maier,* 975 F.2d 944, 945 (2d Cir. 1992). In *United States v. Maier*, this Court acknowledged that it is "not . . . surprising" for someone with a long history of addiction to follow an uneven course towards rehabilitation. *Id.* at 945. The Court stated that factors pertinent to the extraordinary rehabilitation inquiry include "the nature of the defendant's addiction, the characteristics of the program she has entered, the progress she is making, the objective indications of her determination to rehabilitate herself, and her therapist's assessment of her progress toward rehabilitation and the hazards of interrupting that progress." *Id.* at 948-49. In *United States v. Bryson*, the Court clarified that the rehabilitation must be "extraordinary" based on the particular circumstances of each case. 163 F.3d 742, 748-49 (2d Cir. 1998) ("Much depends on the baseline from which an individual's extraordinary rehabilitation can be measured.").

The record shows that the District Court considered Page's "commendable" efforts at rehabilitation but ultimately found that Page's efforts "simply d[id] not rise to the level of extraordinary," J. App. 391–92, because he engaged in additional criminal conduct that the court

3

determined was not attributable to his drug addiction. This analysis is not inconsistent with our precedent. *See, e.g.*, *Bryson*, 163 F.3d at 747 ("[A] sentencing judge may exercise discretion and depart from the applicable guideline range in light of a defendant's efforts toward rehabilitation, provided those efforts are *extraordinary*." (emphasis added)). Consequently, we understand the court to have applied the proper standard in assessing the facts.

Second, Page argues that the District Court's sentence is unreasonable because it failed to consider the theory of incremental punishment. "We may consider whether a factor relied on by a sentencing court can bear the weight assigned to it . . . under the totality of circumstances in the case, but we will reverse the district court's decision only if the sentence imposed amounts to a manifest injustice or shocks the conscience." *United States v. Spoor*, 904 F.3d 141, 156 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 931 (2019) (internal quotations, citation, and brackets omitted).

In *United States v. Mishoe*, this Court explained that in some circumstances, a large disparity in "the sentence for the current offense and the sentences, particularly the times served, for the prior offenses" might indicate that the current sentence "provides a deterrent effect so in excess of what is required . . . as to constitute a mitigating circumstance . . . not adequately considered by the [Sentencing] Commission." 241 F.3d 214, 220 (2d Cir. 2001). Page argues that because his prior incarcerations lasted no longer than 4 months, the current 97-month sentence is longer than necessary to meet the purposes of sentencing. The District Court expressly considered the principle of incremental punishment, but concluded that the reasons for it were outweighed by "[t]he actual conduct in which [Page] ha[d] engaged; the goals of sentencing . . . [including] the need to protect society and the need for specific deterrence; and . . . the desirability of avoiding unwarranted sentence disparities among defendants who have been found guilty of similar

4

conduct." J. App. 392. We see no reason, therefore, to conclude that the court exceeded the bounds of its discretion.

We have considered all of Page's remaining arguments and find them to be without merit. For the reasons stated, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court